INHABITANTS OF THE TOWNSHIP OF OXFORD, IN THE COUNTY OF WARREN, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

Argued November 8, 1899—Decided December 20, 1899.

On an application to the state board of taxation for the reduction of a tax, where testimony is taken orally before only some members of the board, and is not reduced to writing so as to be reported to those members who have not heard it, only the members who hear the testimony are legally competent to decide the matter in controversy.

On *certiorari.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutors, *Joseph M. Roseberry.*

For the defendant, *Flavel McGee* and *George M. Shipman.*

The opinion of the court was delivered by

DIXON, J.   On March 22d, 1899, the Delaware, Lacka-
wanna and Western Railroad Company presented to the state
board of taxation a petition for a reduction of the tax as-
sessed against the company by the assessor of the township
of Oxford.   After due notice to the township, the matter
came on for hearing before the board on May 10th, 1899,
only two members of the board, Messrs. West and Lentz,
being present.   Testimony was then given orally by several
witnesses, whereupon, the record states, " the board adjourned
to continue the hearing on the following day."   On May 11th
Messrs. West, Lentz and Black were present, and several
other witnesses orally testified, after which the board an-
nounced that a decision would be rendered on May 16th.
On May 16th all the members were present, and a decision
reducing the tax was rendered, Messrs. West, Thompson and
Black voting in favor of the reduction, and Mr. Lentz voting
against it.   The township of Oxford has brought this deci-
sion here, by *certiorari,* for review.

We think it is clearly illegal, because it was rendered by
members of the board who had not heard the evidence on
which the decision must lawfully rest.   Mr. Thompson had
been absent from both meetings, and Mr. Black had been
absent from one meeting, when that evidence was given.
Messrs. West and Lentz only had heard all the evidence, and
therefore they alone were legally competent to decide the con-
troversy.   One of these two members favored, the other
opposed, the reduction, and consequently the reduction was
not lawfully ordered.

It is urged in support of the decision that, as by the act
creating the board (*Gen. Stat., p.* 3344), the board has power
to compel the attendance of witnesses and the production of
books and papers, and " may delegate such power to any
member of the board authorized by them to investigate and
report," and, as by the record of the board, it is stated that
the decision of May 16th was made " after a review of the
evidence and careful consideration of the case," all the mem-

bers being present, therefore, we must infer that Messrs. West and Lentz had been authorized by the board to investigate the matter and report to all the members the evidence brought .out by the investigation, and had done so.

But since the statute directs the board to keep a full record of its proceedings, we think such an inference is negatived by the absence from the record of any sign of such authorization, as well as by the indication upon the record that the testimony of the witnesses was not reduced to writing, and hence could not be fully reported to those who had not heard it.

Our conclusion is that the order or decision reducing the tax should be set aside, with costs.